## MARSTON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 170.

Circuit Court of Appeals, Second Circuit.
March 4, 1935.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Charles T. Cowenhoven, Jr., and H. Maurice Fridlund, both of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and James W. Morris, Sewall Key, and John MacC. Hudson, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The petitioner is trustee of a trust created in 1923 by Jennie C. H. Marston, who died prior to 1928. The settlor named her husband as trustee and one of two life beneficiaries. The other beneficiary was Mrs. Marston's mother, and the remaindermen were Mr. Marston's adult children.

In 1925, Marston, individually, owned 1,800 shares of the Clinchfield Coal Corporation, an unlisted stock. He was a director of that corporation. He sold it to the trust for $46,800 in 1925, having obtained the consent of the beneficiaries. The stock certificates were issued to it and kept in the trust's safe deposit box. On November 6, 1929, this stock was sold by the trust at public auction, and bid in by Marston for $5,400. This sale had the consent of the beneficiaries of the trust. A check was given in payment, and the certificates delivered to Marston as purchaser and kept by him in his personal safe deposit box. The loss sustained by the trust in this sale is sought to be deducted under the Revenue Act of 1928, § 23 (US CA tit. 26, c. 23, § 2023). The circumstances of this sale bear the same imprints of good faith and legality as was evidenced in the sale of Marston's stock in the case handed down this day. Marston v. Commissioner (C. C. A.) 75 F.(2d) 936. For the reasons there stated, we think this decision should be reversed. Jones v. Helvering, 63 App. D. C. 204, 71 F.(2d) 214; Commissioner v. Hale, 67 F.(2d) 561 (C. C. A. 1); Budd v. Commissioner, 43 F.(2d) 509 (C. C. A. 3).

Decision reversed.